UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel.<br>XAVIER ANDERSON,<br><br>               Petitioner,<br><br>v.<br><br>MARCUS HARDY, Warden,<br>Stateville Correctional Center,<br><br>               Respondent. | No. 10 C 6217<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Illinois prisoner Xavier Anderson ("Anderson") is serving a thirty-five year sentence for first-degree murder. (*See* R. 14, State Ct. R., Ex. Y at 460, 500.) Presently before the Court is Anderson's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). (R. 1, Pet.) For the reasons stated below, Anderson's petition for writ of habeas corpus is denied.

### BACKGROUND[1]

On July 27, 2001, Jeffrey Dean ("Dean") asked Anderson to accompany him to look for his car, which had been stolen. (*See* R. 14, State Ct. R., Ex. N at 1.) According to a written statement that was later signed by Anderson, Dean intended to "hurt the person who stole his

---

[1] In reviewing a petition for habeas corpus relief pursuant to Section 2254, a court must presume that state court factual determinations are correct. 28 U.S.C. § 2254(e)(1). This presumption can be overcome where the petitioner rebuts those facts by clear and convincing evidence. *Id.* The following summary of facts is therefore properly derived from the relevant Illinois state court opinions and is supplemented where appropriate by the appellate record submitted to the Court pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002); *accord Rever v. Acevedo*, 590 F.3d 533, 537 (7th Cir. 2010).

car." (*Id.*) When Dean spotted Jason Goss ("Goss"), he stopped the car he and Anderson were riding in, grabbed two guns from underneath the car seat, left one of the guns for Anderson, and exited the vehicle. (*Id.* at 1-2.) Anderson subsequently heard gunshots, exited the vehicle with the gun, and saw Dean shooting at Goss. (*Id.* at 2.) Anderson then began shooting at a car that was parked in Goss' direction. (*Id.*) Unfortunately, Goss was fatally wounded in the gunfire. (*Id.*)

Prior to trial, Anderson submitted a motion to suppress his statements, claiming that he was questioned by detectives and an Assistant State's Attorney after he elected to remain silent and consult with an attorney. (*Id.*) He also alleged that his two days in custody coerced him into making a statement. (*Id.*) At the suppression hearing, Anderson testified that he repeatedly told police officers that he had retained an attorney, Irv Miller ("Miller"), and that he gave the arresting officers a piece of paper with Miller's name on it. (*Id.*) The trial court subsequently denied the motion, and the case proceeded to trial. (*Id.*)

Anderson's three-day jury trial began on January 12, 2004. (*See* R. 14, State Ct. R., Ex. W-Y.) Over the course of his trial, the jury heard testimony from eight witnesses. (*Id.*) One of these witnesses, Detective Michael Bocardo ("Bocardo"), testified that he met with Anderson following his arrest and that, after he was read his *Miranda* rights, Anderson waived them and denied his involvement in the shooting. (*Id.*, Ex. N at 2.) Later, Anderson watched Dean's videotape confession, and decided he wanted to give a written statement. (*Id.*) After Assistant State's Attorney Karen Kerbis ("Kerbis") read Anderson his *Miranda* rights, Anderson waived them and gave a written statement in which he confessed to shooting in Goss' direction. (*Id.*) According to this statement, Anderson began shooting in Goss' direction to show Dean that he

2

was "backing [him] up" and to make sure that no one shot at them. (*Id.*, Ex. X at 320.) Rather than stating that he was shooting directly at Goss, Anderson stated that he was trying to aim at a car that was parked in Goss' direction. (*Id.*) Additionally, the statement also indicated that Anderson was waiving his *Miranda* rights. (*Id.*, Ex. N at 2-3.) At the end of his jury trial, Anderson was convicted of first-degree murder under an accountability theory and was sentenced to thirty-five years.[2] (*Id.*, Ex. Y at 460, 500.)

Anderson appealed his conviction and his sentence. (*See id.*, Ex. B.) On direct appeal, Anderson presented two arguments. (*Id.*) First, he maintained that the trial court "improperly prohibited the jurors from discussing and showing their trial notes to each other during deliberations." (*Id.* at 7.) Second, Anderson contended that his sentence was "excessive considering the mitigating factors and especially considering that the State only proved beyond a reasonable doubt that the basis for Anderson's accountability for the murder was that he shot his weapon away from the direction of the victim." (*Id.* at 18.) The state appellate court rejected both arguments and affirmed Anderson's conviction and sentence on December 15, 2006. (*Id.*, Ex. A.) Anderson subsequently filed a petition for leave to submit his appeal to the Illinois Supreme Court. (*Id.*, Ex. E.) This petition was denied on March 28, 2007. (*Id.*, Ex. F.)

In September 2007, Anderson filed a *pro se* state postconviction petition. (*Id.*, Ex. G.) In his petition, he presented several claims which alleged various problems with his criminal

---

[2] To show accountability under Illinois law, the state is "required to establish beyond a reasonable doubt that: (1) defendant solicited, ordered, abetted, agreed or attempted to aid another in the planning or commission of the crime; (2) defendant's participation took place before or during the commission of the crime; and (3) the defendant had the concurrent intent to promote or facilitate the commission of the crime." *E.g., People v. Garrett*, 928 N.E.2d 531, 536 (Ill. App. Ct. 2010) (citation omitted).

3

proceedings. (*See id.* at 3-10.) Among other things, Anderson alleged that the police did not have probable cause to arrest him, that his confession was coerced, and that he was denied effective assistance of counsel at trial and on appeal. (*Id.*) On October 31, 2007, the state trial court dismissed Anderson's postconviction petition. (*Id.*, Ex. I.)

After dismissing Anderson's petition, the state trial court allowed him to supplement his petition with an affidavit provided by his father. (*Id.*, Ex. J.) In this affidavit, his father stated that Miller would have testified that "[Anderson] had a piece of paper with [Miller's] number on it." (*Id.*, Ex. H at 2.) Additionally, the affidavit stated that Miller did not testify at the suppression hearing because Anderson's family was unable to pay him. (*Id.*) After considering this affidavit, the state trial court reaffirmed its denial of Anderson's petition. (*Id.*, Ex. J.) In doing so, the state trial court noted that Anderson's supplement failed to alter its conclusion because: (1) the affidavit was hearsay because it "purport[ed] to relate what [Miller] (allegedly) told Xavier Anderson, Sr."; (2) Anderson failed to attach an affidavit submitted by Miller; and (3) Anderson failed to explain the significance of the testimony Miller would have provided had he testified at the suppression hearing. (*Id.*)

Anderson appealed the dismissal of his postconviction petition. In his supporting memorandum, Anderson argued that the state trial court erred in dismissing his ineffective assistance of trial counsel claim, which was based on his trial counsel's failure to interview and call Miller to testify at his suppression hearing. (*Id.*, Ex. K at 13-21.) Specifically, he argued that the state trial court "erred in finding that Anderson had not alleged the gist of a claim of his trial attorney's ineffectiveness because he had failed to provide an affidavit from Miller, as the affidavit from Anderson's father explains the absence of an affidavit from Miller, which is

sufficient to comply with [Illinois law]."³ (*Id.* at 14.) The affidavit from his father, Anderson contended, was enough to prevent the dismissal of a portion of his ineffective assistance of trial counsel claim. (*Id.*) Additionally, Anderson argued that the "mittimus should be amended to reflect credit for the time [he] served in jail from the date of his arrest until his sentencing." (*Id.* at 22.) The state appellate court affirmed the trial court's dismissal of Anderson's postconviction petition on August 27, 2009. (*Id.*, Ex. N.)

Anderson filed a petition for leave to appeal the state appellate court's ruling to the Illinois Supreme Court on September 30, 2009. (*Id.*, Ex. O.) The Illinois Supreme Court denied Anderson's petition on January 27, 2010. (*Id.*, Ex. P.)

On September 28, 2010, Anderson filed a *pro se* petition for federal habeas corpus relief. (R. 1, Pet.) In his petition, Anderson presents the following claims: (1) the trial court improperly instructed the jury at the beginning of trial that they could not show or discuss their notes with each other; (2) the police did not have probable cause to arrest him; (3) his confession was the product of physical and mental coercion; (4) he was denied access to an attorney after requesting one during his interrogation; (5) his trial counsel was ineffective; (6) he was not proved guilty beyond a reasonable doubt; (7) the indictment did not notify him that the state intended to pursue an accountability theory; (8) his appellate counsel on direct appeal was ineffective; (9) his sentence was excessive in light of the mitigating evidence presented; and (10) the state trial court erred in dismissing his postconviction petition. (*Id.*) Under his ineffective assistance of trial counsel claim, Anderson contends that his attorney was constitutionally deficient by failing to:

---

³ Under Illinois law, a postconviction petition can survive a motion to dismiss if it alleges the "gist" of a constitutional claim. *See People v. Hodges*, 912 N.E.2d 1204, 1208 (Ill. 2009).

5

(a) investigate witnesses that would have corroborated his defense; (b) investigate the circumstances of his arrest and move to quash the arrest; (c) interview and present Miller as a witness at his suppression hearing; (d) object to the state trial judge's instructions regarding the use of jury notes; and (e) "preserve any issues for review, or make a timely specific objection at trial." (*Id.*)

On December 20, 2010, Marcus Hardy ("Respondent") answered Anderson's petition and asserted that the petition "should be denied without an evidentiary hearing because the record conclusively demonstrates that [Anderson's] claims are either non-cognizable, procedurally defaulted, or without merit under 28 U.S.C. § 2254(d)." (R. 13, Answer at 8.)

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas relief may be granted only when a state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Etherly v. Davis*, 619 F.3d 654, 660 (7th Cir. 2010). The statutory phrase "clearly established Federal law as determined by the Supreme Court of the United States," is a critical limitation under Section 2254(d)(1) and refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision." *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000) (quoting *Terry Williams v. John Taylor*, 529 U.S. 362, 412 (2000)).

"A decision is 'contrary to' federal law when the state court applied a rule that 'contradicts the governing law' set forth by the Supreme Court or if the state court reached a

different outcome based on facts 'materially indistinguishable' from those previously before the Supreme Court." *Etherly*, 619 F.3d at 660 (quoting *Williams*, 529 U.S. at 405-06). On the other hand, "[a] state court unreasonably applies federal law if it identifies the correct legal principle but unreasonably applies it to the facts of the case, or if it unreasonably refuses to extend a principle to a context in which it should apply." *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010) (citing *Williams*, 529 U.S. at 407).

To succeed on a claim predicated on Section 2254(d)'s "unreasonable application" clause, a petitioner must show that the state court's application of federal law was both incorrect and unreasonable. *Toliver v. McCaughtry*, 539 F.3d 766, 775 (7th Cir. 2008) (quoting *Raygoza v. Hulick*, 474 F.3d 958, 963 (7th Cir. 2007)). "A state court's decision is 'unreasonable' within the meaning of § 2254(d)(1) only if it is 'so erroneous as to be objectively unreasonable' and 'well outside the boundaries of permissible differences of opinion.'" *Bennett v. Gaetz*, 592 F.3d 786, 790 (7th Cir. 2010) (quoting *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)). Additionally, a state court decision may be considered unreasonable where it is in "tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary" as to be unreasonable. *Badelle v. Correll*, 452 F.3d 648, 655 (7th Cir. 2006) (internal quotation marks and citation omitted). Put simply, "a state court's decision 'minimally consistent with the facts and circumstances of the case' is not unreasonable[.]" *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004) (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)).

As a general matter, under post-AEDPA habeas law, federal courts defer to a great extent to the decisions of state courts, and review those decisions for reasonableness only. *Ben-Yisrayl*

*v. Buss*, 540 F.3d 542, 546 (7th Cir. 2008). This deference, however, "does not imply abandonment or abdication of judicial review." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## ANALYSIS

### I. Anderson's federal habeas claims

#### A. Cognizability

Respondent makes several arguments suggesting that some of Anderson's claims are not cognizable on federal habeas review. The Court will review each contention in turn.

#### 1. State law claims

First, Respondent argues that Claims 1 and 10 are not cognizable on federal habeas review because they do not allege that Anderson "is in custody in violation of the Constitution or laws or treaties of the United States." (R. 13, Answer at 10 (quoting 28 U.S.C. § 2254(a)).)

In Claim 1, Anderson argues that the state trial court improperly instructed the jury at the beginning of trial that they could not show or discuss their notes with each other. (R. 1, Pet. at 5-6.) As with his prior attempts to raise this issue, this argument seeks acceptance of his preferred interpretation of a state statute, namely, 725 Ill. Comp. Stat. 5/115-4(n).[4] Indeed, at various points in his petition, Anderson argues that the trial judge's note-taking instructions violated the jury's "statutory right to take notes." (*E.g., id.* at 10.) Because it alleges noncompliance with state law, Claim 1 is not cognizable on federal habeas review. *See, e.g., Wilson v. Corcoran*, 131 S.Ct. 13, 16 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal

---

[4] The statute specifically provides: "The members of the jury shall be entitled to take notes during the trial, and the sheriff of the county in which the jury is sitting shall provide them with writing materials for this purpose. Such notes shall remain confidential, and shall be destroyed by the sheriff after the verdict has been returned or a mistrial declared." 725 Ill. Comp. Stat. 5/115-4(n).

8

judgment susceptible to collateral attack in the federal courts."). Claim 1 therefore cannot serve as the basis for federal habeas relief.

Claim 10 suffers a similar fate. In this claim, Anderson argues that the state postconviction trial court erred in dismissing his state postconviction petition. (*See* R. 1, Pet. at 37-44.) Like Claim 1, Claim 10 challenges the application of a state law, namely, the Illinois Post-Conviction Hearing Act. Under the first stage of proceedings pursuant to the Illinois Post-Conviction Hearing Act, a petitioner must state a gist of a constitutional claim or the postconviction trial court will summarily dismiss the postconviction petition. *Davis v. Lambert*, 388 F.3d 1052, 1060 (7th Cir. 2004). Whether a state trial court misapplied state law in determining if such a showing has been made by a petitioner is plainly a question of state law. A claim which seeks to revisit such a determination is thus noncognizable on federal habeas review. *See Johnson v. Acevedo*, 572 F.3d 398, 402 (7th Cir. 2009) ("A violation of state law is not the basis for federal collateral relief.").

### 2. Fourth Amendment

Respondent also contends that Claim 2 is not cognizable on federal habeas review. (R. 13, Answer at 11.) In Claim 2, Anderson asserts that his Fourth Amendment rights were violated when he was arrested without probable cause. (R. 1, Pet. at 7, 19-20.) This claim, the Court concludes, also cannot serve as the basis for granting federal habeas relief. In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976). "In deciding whether the state has afforded the petitioner

an opportunity for full and fair litigation, a federal habeas court must determine first whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, there must be a determination whether the presentation of the claim in question was in fact frustrated by a failure of that mechanism." *United States ex rel. Bostick v. Peters*, 3 F.3d 1023, 1027 (7th Cir. 1993). Here, the state afforded Anderson an opportunity to raise his Fourth Amendment claim, and Anderson does not suggest that his ability to raise this claim was frustrated in any way. Indeed, the record suggests that his trial counsel contemplated presenting a motion to quash the arrest on Fourth Amendment grounds, but never submitted the filing. (*See* R. 14, State Ct. R., Ex. T at 48.) His failure to raise this claim in state court does not undermine the conclusion that he had a full and fair opportunity to litigate his Fourth Amendment claim. *See United States ex rel. Bostick*, 3 F.3d at 1027 ("Of course, the petitioner is not denied an opportunity for full and fair litigation of his claim if he fails to raise and to preserve the claim in state court."). Because he had this opportunity, his claim is not cognizable on federal habeas review.

### 3. Excessive sentence

Next, Respondent contends that Claim 9, which alleges that Anderson's sentence was excessive in light of the mitigating evidence presented, is also noncognizable on federal habeas review. (R. 13, Answer at 11.) As a threshold matter, the Court notes that contrary to Respondent's contention, the defect with Claim 9 is not that it presents a noncognizable claim; challenges to a sentence for a non-capital offense can be examined on federal habeas review. *See Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000) (applying AEDPA's standard of review and rejecting challenge to a sentence). While cognizable, the Court concludes that Claim 9 cannot

serve as the basis for federal habeas relief.

The Seventh Circuit has recognized some degree of sentencing proportionality under the Eighth Amendment. *Id.* On federal habeas review of non-capital felony convictions, a particular sentence that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion. *See id.* In this case, Anderson's thirty-five year sentence is within the applicable statutory sentencing range. *See* 730 Ill. Comp. Stat. 5/5-8-1(a)(3) (2006) (stating that the sentencing range for first-degree murder is between twenty and sixty years). As a general rule, a federal court will not review state sentencing determinations that fall within statutory limits. *Williams v. Duckworth*, 738 F.2d 828, 831 (7th Cir. 1984). Anderson provides no reason for the Court to deviate from this general rule. (*See* R. 1, Pet. at 34-36.) His mere disagreement with the state trial court's consideration of the testimony presented at his sentencing hearing is not enough to warrant federal habeas relief for his excessive sentence claim. Claim 9 therefore does not further Anderson's cause.

### 4. Rule 2(c) of the Rules Governing Section 2254 Cases

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2(c)") requires that a petition "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." The Supreme Court has observed that this requirement is more demanding than what is required under Federal Rule of Civil Procedure 8. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners *plead with particularity* is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* (emphasis added). While Rule 8's notice pleading requirement is insufficient for a habeas petition, "there is

11

no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002).

Respondent argues that Claim 8 and ground (e) of Claim 5 do not comply with Habeas Rule 2(c). (R. 13, Answer at 12.) The Court agrees. In Claim 8, Anderson merely alleges that his appellate counsel on direct review was "ineffective for failing to raise cognizable claims of constitutional magnitude that [were] evidenced in the record and other errors that deprived petitioner of a fair trial[.]" (R. 1, Pet. at 32.) In ground (e) of Claim 5, he generally avers that his trial counsel was ineffective because she "did not preserve any issues for review, or make a timely specific objection at trial, thereby violating petitioner's rights to a fair trial[.]" (*Id.* at 25.) Neither allegation, the Court concludes, comports with Habeas Rule 2(c). Both are merely general averments which fail to specify what Anderson's lawyers purportedly failed to do to further his defense. While Anderson is not required to enumerate every fact which supports these grounds for relief, he must do more than merely aver that his attorneys were ineffective. Without more detail, the Court cannot properly evaluate these contentions. As such, Claim 8 and ground (e) of Claim 5 cannot serve as the basis for federal habeas relief.

### B. Procedural default

Respondent also contends that various other claims have been procedurally defaulted. (*See* R. 13, Answer at 14-24.) The Court will review Respondent's distinct procedural default arguments separately.

#### 1. Grounds for procedural default

##### i. Exhaustion

Respondent contends that Claims 3, 4, 6, and 7 along with grounds (a), (b), and (d) of

Anderson's ineffective assistance of counsel claim are "procedurally defaulted because [Anderson] did not fully and fairly present them in state court through one complete round of the State's established appeals process." (*Id.*) Again, Respondent has identified a fatal flaw in Anderson's claims.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *Id.* State courts, like federal courts, are obliged to enforce federal law, and comity dictates that "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844 (citations omitted). This rule of comity reduces the friction between the state and federal court systems by avoiding the "unseemliness" of a federal district court overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance. *Id.* at 845 (citations omitted). Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*

Inherent in a habeas petitioner's obligation to exhaust his state court remedies before seeking relief in federal court is a duty to fairly present his federal claims to the state courts. *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008). "A petitioner fairly presents his federal

13

claim to the state courts when he articulates both the operative facts and the controlling legal principles on which his claim is based. He need not cite book and verse on the federal constitution. But he must, in some manner, alert the state courts to the federal underpinnings of his claim." *Perruquet v. Briley*, 390 F.3d 505, 519-20 (7th Cir. 2004) (internal quotation marks and citations omitted). This duty also "requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Malone*, 538 F.3d at 753 (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)).

Here, Anderson failed to assert Claims 3, 4, 6, and 7 through one complete round of state court review. In these claims, Anderson alleges that his confession was the product of physical and mental coercion; he was denied access to an attorney after requesting one during his interrogation; he was not proved guilty beyond a reasonable doubt; and that the indictment did not notify him that the state intended to pursue an accountability theory. (*See* R. 1, Pet.) The record reveals that Anderson did not present these claims on direct appeal. (*See* R. 14, State Ct. R., Ex. B.) While these claims were asserted in Anderson's *pro se* postconviction petition, they were not presented in his appeal to the state appellate court. (*Compare id.*, Ex. G with *id.*, Ex. K.) Because these claims were not asserted through one complete round of direct appellate or postconviction proceedings, they were not fairly presented to the state courts. Claims 3, 4, 6, and 7 are therefore procedurally defaulted.

Like Claims 3, 4, 6, and 7, grounds (a), (b), and (d) of Anderson's ineffective assistance of counsel claim were not fairly presented to the state courts. To properly present an ineffective assistance of counsel claim, it is not sufficient that the petitioner allege various other errors by

14

counsel; rather, to set forth a claim of ineffective assistance, a petitioner must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance. *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir. 2001) (citation omitted). In this case, Anderson did not identify and assert grounds (a), (b), and (d) of his ineffective assistance of counsel claim through one complete round of state court review. (*Compare id.*, Ex. G with *id.*, Ex. K.) As such, these grounds were not fairly presented to the state courts. Grounds (a), (b), and (d) of Anderson's ineffective assistance of counsel claim are therefore also procedurally defaulted.

### ii. Adequate and independent state grounds

At this point, only ground (c) of Anderson's ineffective assistance of counsel claim remains as a possible basis for federal habeas relief. In ground (c), Anderson alleges that his trial counsel was ineffective for failing to interview and present Miller as a witness at his suppression hearing. (R. 1, Pet. at 25.) Respondent asserts that this claim is also beyond the scope of federal habeas review because the state appellate court disposed of the claim on adequate and independent state grounds.

When a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed. *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (citations omitted). The state law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits. *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011). When a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that decision rests on independent

15

and adequate state procedural grounds. *Kaczmarek*, 627 F.3d at 591. The adequate and independent state ground doctrine requires federal courts to honor a state court holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Under the Illinois Post-Conviction Act, a state postconviction petition must be accompanied by "affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 Ill. Comp. Stat. 5/122-2 (2006). In this case, the state appellate court applied this portion of the Illinois Post-Conviction Act and concluded that Anderson "failed to attach the appropriate documentation to support his claim that trial counsel was ineffective for failing to interview or call Irv Miller." (*See* R. 14, State Ct. R., Ex. N at 7.) Because of his apparent failure to abide by the Illinois Post-Conviction Act's procedural requirements, the state appellate court concluded that Anderson's "claim that counsel was ineffective for failing to call Miller must fail." (*Id.*) While it went on to apply federal law in considering Anderson's claim, (*see id.* at 7-9), the state appellate court's decision on Anderson's ineffective assistance of counsel claim has an adequate and independent state law basis: a failure to abide by the Illinois Post-Conviction Act's procedures. Although Anderson presumably disagrees with the state appellate court's analysis of state law, whether the state court correctly applied the Illinois Post-Conviction Act's requirements is beyond the Court's power on federal habeas review. *Sussman v. Jenkins*, No. 09-3940, 2011 WL 1206187, at *19 (7th Cir. Apr. 1, 2011) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (quoting

16

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Because the state appellate court rejected ground (c) of Anderson's ineffective assistance of counsel claim state law grounds that were independent of the federal question and adequate to support the judgment, it has been procedurally defaulted.

### 2. Cause and prejudice

The procedural default doctrine does not impose an absolute bar to federal relief. "It provides only a strong prudential reason, grounded in considerations of comity and concerns for the orderly administration of justice, not to pass upon a defaulted constitutional claim presented for federal habeas review." *Perruquet*, 390 F.3d at 514 (internal quotation marks and citations omitted). This doctrine is therefore subject to equitable exceptions. *Id.* "A procedural default will bar a federal court from granting relief on a habeas claim unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or, alternatively, he convinces the court that a miscarriage of justice would result if his claim were not entertained on the merits." *Id.* (citations omitted).

To establish cause for his default, a petitioner ordinarily must show that some external impediment blocked him from asserting his federal claim in state court. *Id.* "To establish prejudice, he 'must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (quoting *United States v. Frady*, 456 U.S. 152 (1982)). "If the petitioner cannot show cause and prejudice but instead seeks to overcome his procedural default by establishing the prospect of a miscarriage of justice, then he must demonstrate that he is actually innocent of the crime for which he was

17

convicted-that is, he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

Anderson does not attempt to satisfy the cause and prejudice standard. (*See* R. 1, Pet.; R. 17, Resp.) Nor has he demonstrated that he is actually innocent of the crime for which he was convicted. (*See* R. 1, Pet.; R. 17, Resp.) Anderson has therefore failed to provide the Court with a basis to excuse his procedural default. Accordingly, his procedurally defaulted claims cannot serve as the basis for federal habeas relief.

## II. Certificate of appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Anderson a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. *See Miller-El*, 537 U.S. at 335. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Anderson must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In cases where a district court

denies a habeas claim on procedural grounds, the Court should issue a certificate of appealability only if the petitioner shows that (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, the Court concludes that jurists of reason would not find it debatable whether Anderson's habeas petition should have been resolved in a different way. All of Anderson's claims are either noncognizable on federal habeas review, or have been inexcusably procedurally defaulted. Accordingly, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons stated herein, Anderson's petition (R. 1) is DENIED. The Clerk of the Court is directed to enter a final judgment against petitioner. Additionally, the Court will not issue a certificate of appealability from this judgment for the reasons stated herein.

Entered: _____

Judge Ruben Castillo
United States District Court

Dated: April 21, 2011

19